JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion on issues two and three and specially concur on issue one, regarding the valuation of James’ interest in Gallatin Valley Furniture. In that regard, I agree with our adoption of the Amodio rationale and, as a result, with our conclusion that Neil’s valuation of James’ interest was conclusive on the District Court because it was the only valuation in evidence which took the restrictive shareholders’ agreement into account.
I disagree, however, with the Court’s creation of a presumption that the valuation of stock contained in a shareholders’ agreement is the real value of a shareholder’s interest in a closely held corporation if the shareholders have employed an accepted method of valuation and there is no evidence that the valuation was undertaken in bad *224 faith or for the purpose of avoiding marital or debtor/creditor responsibilities. I see no need for such a presumption in light of the fact that there is no uniform rule for valuing stock in closely held corporations. SeeAmodio, 509 N.E.2d at 936. So long as the valuation method used takes into consideration inhibitions on the transfer of such stock arising from limited marketability or restrictions in a shareholders’ agreement, there is no reason for this Court to give favored treatment to the valuation contained in the shareholders’ agreement by according it a presumption of “real value.”